## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KIM T. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DESOTO POLICE DEPARTMENT | ) |
| UNKNOWN THREE, | ) |
| | ) |
| Defendants. | ) |

No. 4:20-CV-168-RLW

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Kim T. Cook, an inmate at the Jefferson County Jail, for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will be granted, and the filing fee waived. Furthermore, based upon a review of the complaint, the Court will stay this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against several unnamed police officers working for the Police Department of DeSoto, Missouri. In his statement of his claim, plaintiff states in full:

1. What happened to you?   [Officers] jumps and now going to court all lies
2. When did it happen? July 3, 5, 2019
3. Where did it happen? My home
4. What injuries did you suffer? Hole in leg and head
5. What did each defendant personally do, or fail to do, to harm you? Was hit with door and [tased] three times.

Attached to plaintiff's form complaint is a seven-page, single-spaced handwritten letter addressed "To Whom It May Concern." In this letter, plaintiff states he is a sixty-year old African American man, recently retired, suffering from diabetes and paranoid schizophrenia. He states he

-2-

is often restless at night and routinely takes walks late at night through the City of DeSoto, Missouri. "[A]s well as having to make a number of visits to the hospital for mental health issues, including Emergency Assistance from 911 services. I was even admitted to the mental health ward." He states that often he would be found walking at night and DeSoto police officers would transport him to the hospital.

As to the events in July 2019, he details at least three incidents with the DeSoto Police Department. In the first, he was walking "straggly" on Main Street and having an issue with his blood sugar levels. Police arrived and instead of offering him medical attention, "they came in and attacked me plus tackled me to the ground." The second incident involved police escorting plaintiff's girlfriend to his home to collect her belongings. Plaintiff did not allow the police into his home, and a struggle ensued in which police tased plaintiff. A third incident involved plaintiff calling 911 to report that he had almost been hit by a car while walking. When police arrived, they questioned plaintiff and he began to walk away. "One of the original officers turned around . . . and proceeded to jump out of his vehicle and began hitting me repeatedly . . . mostly to the head and some to the body. The officer put my head through the vehicle glass." Plaintiff was then taken into custody and brought to the Jefferson Regional Hospital for treatment. He was charged with assaulting a police officer and held in the Jefferson County Jail.

For relief, plaintiff seeks $100 million in punitive damages.

## Discussion

Liberally construed, plaintiff asserts police officers from the DeSoto Police Department violated his Fourth Amendment rights against illegal seizure, false arrest, false imprisonment, and his right to be free of excessive force. As discussed below, the procedural posture of plaintiff's

-3-

underlying state court criminal cases is unique. For this reason, and those articulated by the Supreme Court in *Wallace v. Kato,* the Court will order this action stayed and administratively closed.

In July 2019, plaintiff was charged with several counts of assaulting police officers in two separate criminal cases pending in Jefferson County Circuit Court: *State v. Cook*, 19JE-CR01874 (23rd Jud. Cir. filed Jul. 8, 2019) and *State v. Cook*, 19JE-CR01875 (23rd Jud. Cir. filed Jul. 9, 2019).[1] On May 20, 2020, in all eight of plaintiff's criminal cases pending in Jefferson County, Judge Timothy S. Miller entered an order finding plaintiff "lacks the mental fitness to proceed in the above-styled matters and orders them suspended." Judge Miller further ordered plaintiff to be committed to the custody of the Director of the Missouri Department of Mental Health for mental evaluation within the next six months. The Director is to submit to the state court a report including a medical opinion of the likelihood of Mr. Cook being mentally fit to proceed in accordance with Missouri law.

Additionally, even if plaintiff's underlying criminal cases were active, the Court would stay this § 1983 case based on the principles established in *Wallace v. Kato*. In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that

---

[1] Plaintiff has six additional criminal cases pending in the 23rd Judicial Circuit, Jefferson County, Missouri: Case Nos. 19JE-CR02226, 19JE-CR02283, 19JE-CR02752, 19JE-CR02975, 19JE-CR03315, 19JE-CR003321. These state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to his criminal charges in *State v. Cook*, 19JE-CR01874, and *State v. Cook*, 19JE-CR01875. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matters against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at \*2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at \*1 (E.D. Mo. Aug. 22, 2013) (same).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED** and plaintiff's filing fee is waived. [ECF No. 3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Cook*, 19JE-CR01874

-5-

(23rd Jud. Cir. filed Jul. 8, 2019), and *State v. Cook*, 19JE-CR01875 (23rd Jud. Cir. filed Jul. 9, 2019).

**IT IS FURTHER ORDERED** that plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Cook*, 19JE-CR01874, and *State v. Cook*, 19JE-CR01875, within thirty (30) days after final disposition of the charges.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 2]

Dated this 10ᵗʰ day of July, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE